UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON RICHARD EIDAM,

    Plaintiff,    Case No. 1:10-cv-34

v.    Honorable Paul L. Maloney

BERRIEN COUNTY JAIL et al.,

    Defendants.
                /

### **OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Berrien County Jail. The Court will also dismiss Plaintiff's Fourteenth Amendment claims, except for Plaintiff's due process claim regarding his right to a misconduct hearing, and Plaintiff's First Amendment claim against Defendants. The Court will serve Plaintiff's complaint against Defendants Paul Bailey, Kevin Allred and Jim Hall, but limited

to Plaintiff's Eighth Amendment claims and his due process claim regarding his right to a misconduct hearing.

**Discussion**

I. Factual allegations

Plaintiff presently is incarcerated at the Charles Egeler Reception and Guidance Center. In his *pro se* complaint, he sues the Berrien County Jail and the following Berrien County employees: Sheriff Paul Bailey, Lieutenant Kevin Allred and Deputy Jim Hall.

Plaintiff alleges the following constitutional violations. First, Plaintiff argues that the jail conditions in administrative segregation are inhumane because the caulk had been removed from his windows so cold air and rain entered his cell for "forty-one days" in violation of his Eighth Amendment rights. (Compl. at 3, docket #1.) Plaintiff alleges that he repeatedly told "staff" that it was raining in his cell. (*Id*.) Further, Plaintiff asserts that workers, under the supervision of Defendant Hall, cleaned his toilet, sink and desk with the same rags used in other cells, and, therefore, cross-contaminated his cell with urine and feces in violation of his Eighth Amendment rights. Second, Plaintiff claims that Defendant Allred refused to give Plaintiff access to the law library in violation of his First Amendment rights. Third, Plaintiff argues that his due process rights were violated because: (a) a sudoku puzzle was removed from his mail without a hearing; (b) Plaintiff was not allowed to file a grievance for the removal of the puzzle; (c) Plaintiff was not given a hearing on misconduct charges; (d) Defendant Allred refused to give Plaintiff grievance forms and never responded to Plaintiff's grievances; (e) Plaintiff never had access to a grievance appeals process; (f) Defendant Hall threw Plaintiff's glasses on the ground and scratched the glasses; and (g) Defendant Hall removed magazines from Plaintiff's cell during a shakedown and threw them

away without a hearing.  (*Id*.)  Plaintiff states that he grieved all of his due process violations to Defendants Bailey and Allred.

For relief, Plaintiff requests monetary damages.  Plaintiff also requests that Berrien County Jail fix the heating problem; give hearings on misconducts, rejected mail and removal of contraband; provide grievance forms to prisoners; create a grievance appeals process and allow access to a law library.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 129 S. Ct. at 1949.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Berrien County Jail**

Plaintiff sues the Berrien County Jail. The jail is a building, not an entity capable of being sued in its own right. *Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir. 1991); *see also Petty v. County of Franklin, Ohio,* 478 F.3d 341, 347 (6th Cir. 2007) (a county sheriff's department is also not a "person" subject to liability under § 1983). Accordingly, the Court will dismiss Plaintiff's action against the Berrien County Jail.

### B. **First Amendment**

Plaintiff argues that he was denied access to the law library by Defendant Allred. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Bounds*, the Court considered whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court held that, in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent

prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous). In other words, a plaintiff must plead and demonstrate that the lack of legal materials have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also*

*Christopher v. Harbury,* 536 U.S. 403, 415 (2002) (finding that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.") (citing *Lewis,* 518 U.S. 353 & n.3); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

The only injury Plaintiff asserts is that he was denied access to the law library. The right of access to the courts has never been equated with the access of legal materials at the prison library. *Walker*, 771 F.2d at 932; *see also Lewis*, 518 U.S. at 351 (a sub-par library or legal assistance program does not establish relevant actual injury). Plaintiff never alleged that he was unable to file a lawsuit. Even though *Bounds* gave inmates the tools to attack their sentences and challenge their conditions of confinement, the inability of an inmate to become a "litigating engine" is "simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 at 353-54. Further, Plaintiff does not allege the nature of the underlying lawsuit, such as a direct appeal, habeas corpus application, or civil rights claim, or demonstrate that it was a non-frivolous legal claim. Because Plaintiff cannot show actual injury or that he has suffered any litigation-related detriment, Plaintiff fails to state a claim for denial of access to the courts.

### C. Due Process

Plaintiff argues that his due process rights were violated when (a) a sudoku puzzle was removed from his mail without a hearing; (b) Plaintiff was not allowed to file a grievance for the removal of the puzzle; (c) Plaintiff was not given a hearing on misconduct charges; (d) Defendant Allred refused to give Plaintiff grievance forms and never responded to Plaintiff's grievances; (e) Plaintiff never had access to a grievance appeals process; (f) Defendant Hall threw

Plaintiff's glasses on the ground and scratched the glasses; and (g) Defendant Hall removed magazines from Plaintiff's cell during a shakedown and threw them away without a hearing. (Compl. at 3, docket #1). Plaintiff grieved all of his due process violations to Defendants Bailey and Allred.

1. **Sudoku Puzzle, Eye Glasses and Magazine**

First, Plaintiff's due process claims regarding the removal of his sudoku puzzle from his mail, the scratching of his eye glasses and the removal of certain magazines from his cell are barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. *Parratt*, 451 U.S. at 537. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Id.* This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of state officials, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993); *see also Adams v. Calhoun County Corr. Facility,* No. 1:08-cv-1192, 2009 WL 321615, at *2 (W.D. Mich. Feb. 10, 2009). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985); *see also Cooper v. Shelby County Justice Ctr.,* No. 99-6365, 2000 WL 924604, at *2 (6th Cir. June 26, 2000) (considering due process claim against county jail). Plaintiff has not

sustained his burden in this case because he has not alleged that state post-deprivation remedies are inadequate. Accordingly, Plaintiff's due process claims against Defendants for the removal of his sudoku puzzle from his mail, the scratching of his eye glasses and the removal of certain magazines from his cell will be dismissed.

2.  **Grievance Process**

Plaintiff complains that he was not allowed to file a grievance for the removal of his sudoku puzzle, Defendant Allred refused to give Plaintiff grievance forms, Defendant Allred never responded to Plaintiff's grievances and Plaintiff did not have access to the grievance appeals process. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at \*2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at \*1 (6th Cir. Mar. 28, 1994). While there is a constitutional right not to be retaliated against for having filed a nonfrivolous grievance, Plaintiff does not allege retaliation. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999). Because Plaintiff has no liberty interest in the grievance process, Defendants did not deprive him of due process.

### 3. **Misconduct Hearing**

Plaintiff has sufficiently alleged that he was denied a misconduct hearing in violation of due process. Therefore, the Court will serve his due process claim regarding his right to a misconduct hearing.

### D. **Eighth Amendment**

Plaintiff has sufficiently stated allegations to support Eighth Amendment claims for conditions of his confinement. Therefore, the Court will serve his Eighth Amendment claims.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant Berrien County Jail will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss Plaintiff's Fourteenth Amendment claims, except for Plaintiff's due process claim regarding his right to a misconduct hearing, and Plaintiff's First Amendment claim against Defendants. The Court will serve Plaintiff's complaint against Defendants Paul Bailey, Kevin Allred and Jim Hall, but limited to Plaintiff's Eighth Amendment claims and his due process claim regarding his right to a misconduct hearing.

An Order consistent with this Opinion will be entered.

Dated: March 26, 2010  /s/ Paul L. Maloney
 Paul L. Maloney
 Chief United States District Judge