UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| JASON RICHARD EIDAM,       ) <br> ) <br> Plaintiff,    ) <br> ) <br> v.    ) <br> ) <br> SHERIFF PAUL BAILEY, et al.,    ) <br> ) <br> Defendants.    ) <br> _____) | Case No. 1:10-cv-34 <br><br> Honorable Joseph G. Scoville <br><br> **MEMORANDUM OPINION** |

This is a civil rights action brought by a county prisoner pursuant to 42 U.S.C. § 1983. The allegations in plaintiff's *pro se* complaint relate to a period in 2009 when plaintiff was incarcerated in the Berrien County Jail. (At the time of filing his complaint in January 2010, plaintiff was incarcerated in a prison of the Michigan Department of Corrections. On November 30, 2010, he was paroled by state authorities to the custody of the Berrien County Jail, to serve a 365-day sentence. Although plaintiff was no longer in the Berrien County Jail at the time he filed his complaint, he is now lodged there again until July 22, 2011, as expected release date.) By opinion and order entered March 26, 2010, Chief Judge Paul Maloney dismissed a number of the claims and defendants named in plaintiff's original complaint, including a claim that defendants were denying legal materials that were necessary for plaintiff to access the courts. (docket #s 5-6). Judge Maloney's order found that plaintiff had stated only two cognizable claims: an Eighth Amendment claim concerning the conditions of his confinement for a 41-day period in administrative segregation and a due-process claim regarding alleged denial of a right to a misconduct hearing. Judge Maloney

ordered service of process on defendants Paul Bailey, Kevin Allred and Jim Hall on these claims. By stipulation and order entered May 26, 2010 (docket # 21), Deputy Hall was dismissed from this action.  The only remaining defendants are therefore Sheriff Paul Bailey and Lt. Kevin Allred.

The parties have consented to the dispositive jurisdiction of a magistrate judge. (Consent and Order of Reference, docket # 41).  On July 19, 2010, the court entered a case management order, establishing a discovery deadline of December 1, 2010, a dispositive motion deadline of January 7, 2011, and a trial date for September 6, 2011.  (docket # 46).  Presently pending before the court are several motions by plaintiff for relief:

(a)     motion for preliminary injunction (docket # 103), seeking access to extensive legal materials;

(b)     motion to compel (docket # 108), seeking answers to interrogatories served on defendant Allred on November 16, 2010;

(c)     a second motion for preliminary injunction (docket # 111) requesting an order requiring defendants to retrieve a footlocker filled with legal materials, which plaintiff alleges defendants refused to transport from a Michigan prison on November 30, 2010, when plaintiff was transported to the Berrien County Jail;

(d)     motion for extension of time to complete discovery (docket # 118);

(e)     motion to amend and supplement the complaint (docket # 127).

The court will discuss each motion in turn.

-2-

1.      **Motions for Preliminary Injunction**

Plaintiff has filed two motions for preliminary injunctive relief.  In the first (docket

# 103), plaintiff seeks access to a wide array of legal materials.  Plaintiff lists fourteen legal

resources, including the Michigan Sentencing Guidelines Manual, the State Appellate Defenders

Sentencing and Post-Conviction Handbook, O'Malley, Grenig & Lee's *Federal Jury Practice &*

*Instructions*, and LEXIS and Westlaw.  Plaintiff's motion concedes that he is being given access to

a computer and several sources of on-line legal research, but he claims these resources to be

inadequate for purposes of pursuing his civil rights actions as well as an appeal of his criminal

conviction.[1]  Plaintiff's second motion for injunctive relief (docket # 111) is similar in nature.

Plaintiff asserts that jail officials refused to transport a footlocker containing three files of legal

research from the Gus Harrison Correctional Facility to the Berrien County Jail when plaintiff was

transferred on November 30, 2010.  Plaintiff seeks an order requiring the defendants to retrieve his

property or to reimburse him $87.00 for the footlocker and $10 for his legal research.

Plaintiff's motions misperceive the nature of preliminary injunctive relief.   The

purpose of a preliminary injunction "is simply to preserve the status quo."  *United States v. Edward*

*Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S.

390, 395 (1981).   The availability of preliminary injunctive relief is therefore inextricably

intertwined with the merits of the underlying claim.  For this reason, one of the principal factors in

determining a plaintiff's entitlement to a preliminary injunction is the likelihood that the plaintiff

---

[1] Plaintiff's motion asserts that he "does not know how to appeal his current criminal conviction (home invasion 3rd)" and therefore needs legal resources to proceed.  According to Michigan Department of Corrections records, plaintiff was sentenced on this conviction in April 2004.  The time for appeal has long expired.

will succeed on the merits of his underlying claim.  *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011).  Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint.  *See Colvin v. Caruso*, 605 F.3d 282, 298 (6th Cir. 2010).  In the present case, there is no underlying claim pending concerning access to the courts or legal materials.  Judge Maloney's opinion of March 26, 2010, specifically finds that plaintiff failed to state a claim under the First Amendment for denial of access to the courts.  (docket # 5, at 4-6).  That claim was therefore dismissed at the outset of this case.  Plaintiff apparently wishes to re-inject his First Amendment claims into the case by means of motions for preliminary injunctive relief.  A preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable.  Plaintiff's motions for preliminary injunction will therefore be denied, as they are unrelated to any underlying claim pending in this case.  *See Ball v. Famiglio*, 396 F. App'x 830, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (same).  If plaintiff is serious about seeking relief on this ground, he must file a new civil rights action naming the appropriate defendants who are allegedly directly involved in denying him access to the courts.

## 2.    **Motion to Compel Discovery**

Plaintiff moves to compel defendant Allred to submit answers to interrogatories served on him on November 16, 2010.  (docket # 108).  The interrogatories propounded to Allred are found in the record at docket # 113.  Defendants have attached to their response to plaintiff's

motion a copy of previous interrogatories served on defendants and the answers thereto.  (docket # 113-2).  Also attached are defendants' answers to request for admissions (docket # 113-3).  Comparison of plaintiff's interrogatories to Allred and the responses already provided by defendants shows that defendants have previously answered the substance of the interrogatories that plaintiff now seeks to enforce.  Under Fed. R. Civ. P. 26(b)(2)(c), the court may limit discovery upon a finding that the discovery sought is unreasonably cumulative or duplicative.  On the present record, the court finds that defendants have already given plaintiff substantial access to the information he now seeks in his motion to compel.  Plaintiff's motion will therefore be denied.

### 3.  **Motion to Extend Discovery**

Under the court's case management order (docket # 46), the period for discovery closed on December 1, 2010.  More than one month after the close of discovery, plaintiff filed a motion to extend discovery for an unspecified period so that plaintiff would have an opportunity to depose an unidentified witness.  Plaintiff's motion (docket # 118) asserts that on December 7, 2010, plaintiff "was notified of a Deputy who was a material witness of the facts in his complaint."  Plaintiff does not identify the deputy, nor does he identify the subject matter of the deputy's alleged knowledge.  Furthermore, the motion appears to assume that the court would take it upon itself to depose this unnamed witness, an assumption that is contrary to reality.  Plaintiff waited for almost a month after learning of the existence of the unnamed witness to seek relief from the case management order.

The court may modify a case management order only for good cause shown.  FED. R. CIV. P. 16(b)(4).  Good cause is "measured by the movant's diligence in attempting to meet the case

management order's requirements." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).  In the present case, the court finds that plaintiff has not shown good cause for an indefinite extension of the discovery period for purposes of deposing an unidentified witness regarding his undisclosed knowledge.  Plaintiff's motion to extend discovery (docket # 118) will therefore be denied.

### 4.    Motion to Amend and Supplement Complaint

On January 5, 2011, plaintiff filed a supplement to his complaint (docket # 116) after the time allowed in the case management order and without leave of court.  On February 24, 2011, plaintiff moved to file an amended and supplemental complaint.  The amended portion of plaintiff's proposed pleading seeks to amplify the allegations in plaintiff's complaint concerning his Eighth Amendment conditions of confinement claim and his due-process claim.  The supplemental portion of the complaint seeks to assert claims against Deputy Joanne Stevens, a non-party to this case, for retaliation.  (*See* Proposed Pleading, docket # 127-1).  Both aspects of plaintiff's motion will be denied.

Plaintiff's motion for leave to file an amended complaint is governed by both Rule 15(a)(2) and Rule 16 of the Federal Rules of Civil Procedure.  Rule 16 comes into play because plaintiff filed his motion to amend on February 24, 2011, six months after the expiration of the date for amendments found in the case management order.  (docket # 46).  The Sixth Circuit has held that once the scheduling order's deadline for amendment passes, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.  Plaintiff has not attempted to show good cause for his failure to seek leave within the time allowed by the case management order.

Examination of the proposed amendment shows that it merely seeks to provide further factual support for the due process and Eighth Amendment claims. Presumably, plaintiff was aware of these facts when he filed his original complaint. Plaintiff has not shown good cause for his delay in attempting to embellish the claims set forth in his original complaint.

Plaintiff's request to supplement the complaint is governed by Fed. R. Civ. P. 15(d). The purpose of a supplemental pleading is to set out claims arising from transactions or events that happened after the date of the original pleading. FED. R. CIV. P. 15(d). A decision whether to allow filing of a supplemental pleading is within the district court's discretion. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008).

In the present case, plaintiff seeks to assert a claim of retaliation against Deputy Joanne Stevens, a non-party. The retaliation claim is unrelated to the claims now pending before the court. Although the court may allow a plaintiff to add parties in a supplemental complaint, to do so in the present case would inevitably delay these proceedings. By the time that plaintiff sought to supplement his complaint, discovery was closed and the dispositive motion filing date had elapsed. Allowing the filing of a supplemental complaint, asserting a new claim against a new party, would require the issuance of process against the new party, the filing of an answer or motion, the entry of a new scheduling order, and an extended discovery period. This would unduly delay resolution of the present case. A trial court does not abuse its discretion in refusing to allow supplementation of a complaint which would add extraneous matter late in the case. *See Schwarz*, 544 F.3d at 1229; *In re Wade*, 969 F.2d 241, 250 (7th Cir. 1992). Plaintiff's motion to supplement his complaint to add

-7-

a claim against Deputy Stevens for retaliation will therefore be denied.  If plaintiff wishes to pursue this claim in a separate lawsuit, he is free to do so.


Dated:   June 29, 2011                          /s/  Joseph G. Scoville
                                                United States Magistrate Judge