UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JASON RICHARD EIDAM,                  )
                                      )
                 Plaintiff,           )        Case No. 1:10-cv-34
                                      )
v.                                    )        Honorable Joseph G. Scoville
                                      )
PAUL BAILEY, et al.,                  )        **OPINION**
                                      )
                 Defendants.          )
_____)

      This is a civil rights action brought *pro se* by a former inmate at the Berrien County jail under 42 U.S.C. § 1983. Plaintiff is a resident of St. Joseph, Michigan. His complaint concerns conditions of his confinement in the Berrien County jail. Plaintiff alleges that he was held in administrative segregation during a 42-day period, in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. Further, he alleges that his rights under the Fourteenth Amendment's Due Process Clause were violated because he did not receive hearings on minor misconduct charges and was sentenced to three days' cell confinement (toplock) after each minor misconduct conviction.[1] The defendants are Sheriff Paul Bailey and Lieutenant Kevin Allred. Plaintiff seeks an award of damages and injunctive relief.

      The matter is before the court on defendants' motion for summary judgment. (docket # 120). Plaintiff has filed his response (docket # 126), and the motion is ready for decision. The parties have consented to the dispositive jurisdiction of a magistrate judge. (Consent and Order of

_____

[1] The court dismissed all other claims on March 26, 2010. (3/26/10 Order, docket # 6).

Reference, docket # 41).  For the reasons set forth herein, plaintiff's claims for injunctive relief will be dismissed as moot, defendants' motion for summary judgment will be granted and a final judgment will be entered in defendants' favor on all plaintiff's claims for damages.

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.[2] FED. R. CIV. P. 56(a); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows

---

[2] "The standard for granting summary judgment remains unchanged" under the amendments to Rule 56 that went into effect on December 1, 2010.  *See* FED. R. CIV. P. 56 advisory committee note (2010 amendments).

that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party

has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v.

Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the

mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th

Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence

sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472,

1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which

a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555

F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland

Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

## **Facts**

On June 12, 2009, plaintiff was an inmate at the Berrien County jail,[3] and on that date

he was charged with the minor misconduct of being insolent to the jail nurse and refusing to return

to his cell. (docket # 126-1, ID # 450). In accordance with jail rules, Lieutenant Allred reviewed

the minor misconduct report and acted as the hearing officer. (docket # 126-2 at ID # 461). Plaintiff

was found guilty of the minor infraction and was sentenced to three days of cell confinement

(toplock). (docket # 126-1, ID # 450). Plaintiff has not supplied evidence disputing the factual

---

[3] It is undisputed that in June and July 2009, plaintiff was a pretrial detainee on misdemeanor charges of third-degree home invasion and disturbing the peace stemming from his involvement in two fights. Plaintiff pled guilty to these charges, but the record is not clear whether the criminal convictions forming the basis of his confinement from August through December 2009 were the aforementioned misdemeanors or the revocation of his parole on earlier felony convictions for second-degree home invasion and uttering and publishing. (docket # 126-1 at ID # 457l; *see* Plf. Brief at 2, 3 docket # 126).

foundation for this, or any other, minor misconduct conviction.[4]  The county provides a procedure

for appealing a minor misconduct conviction.  An inmate may appeal minor rule infractions by

writing the jail administrator or his designee within 24 hours of a conviction.  Plaintiff did not pursue

appeals of his minor misconduct convictions.  (docket # 126-1, at ID # 456; docket # 126-2 at ID #s

461-62).

On July 8, 2009, plaintiff was charged with the minor misconduct of hitting inmate

Christopher McKie.  McKie required medical attention as a result of the incident.  A non-party

hearing officer found plaintiff guilty of this charge, and as a result, plaintiff received three days'

toplock.  (docket # 126-1, ID # 451).

On July 11, 2009, plaintiff was charged with the minor misconduct of arguing with

inmate Timothy Nichols over a game of cards and refusing to go to his cell as directed.  Defendant

Allred, acting as the hearing officer, found plaintiff guilty of the minor misconduct and sentenced

plaintiff to three days of toplock.  (docket # 126-1, ID # 452).

On October 22, 2009, plaintiff received a minor misconduct citation for assaulting

inmate Jeffrey Davis.  Davis suffered broken teeth and facial lacerations.  (docket # 121-2 at ID #s

---

[4] Plaintiff's complaint is not verified or submitted under penalty of perjury.  It cannot be considered as his affidavit in opposition to defendants' motion for summary judgment.  *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir.1992). The affidavits from inmates Billy Jay Finney and Jason Visel (docket # 126-3, at ID#s 478, 479) do nothing to advance plaintiff's claims.  Finney and Visel state that  the "jail routinely violates its own department policy and pretrial detainees['] rights to due process by not giving advance[] written notice of the charges, and by not investigating nor giving hearings on misconducts." (*Id.*).  Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial.  *See Medison Am. Ins. Co. v. Preferred Med. Sys., Inc.*, 357 F. App'x 656, 662 (6th Cir. 2009); *Doe v. Magoffin County Fiscal Ct.*, 174 F. App'x 962, 966 (6th Cir. 2006). The affidavits do not provide any facts related to the minor misconduct charges against plaintiff and his subsequent toplock sentences.

379-81).   A non-party hearing officer found plaintiff guilty of the misconduct of assaulting Davis and plaintiff was confined to his cell for three days.  (docket # 121-2 at ID # 382-85).

On October 22, 2009, plaintiff's persistent pattern of assaultive behavior prompted jail officials to move him from the jail's general population into administrative segregation.  (docket # 126-2 at ID #s 468, 471).  On October 25, 2009, plaintiff complained that his cell (1-B5) was too cold ,and he was immediately moved to another cell (1-B7).  (docket # 121-3 at ID # 387, docket # 126-2 at ID # 468).

On November 15, 2009, plaintiff received a minor misconduct citation stemming from his refusal to follow orders and assaults against jail guards.  Defendant Allred, acting as the hearing officer, found plaintiff guilty of the charge and sentenced plaintiff to three days of toplock.  (docket # 121-4 at ID # 392).

On November 25, 2009, plaintiff complained to Sheriff Bailey that the water in the jail's shower was lukewarm in the morning and cold in the afternoon, his cell (1-B7) was too cold because the wind blew through the windows and the ceiling leaked when it rained.  Plaintiff also complained that inmate workers failed to do an adequate job cleaning his cell.  (docket # 121-5 at ID # 403).  On November 30, 2009, Sergeant Glaske responded that maintenance had been informed of the purported problems with the shower water temperature and the cell window, ceiling, and temperature.  Plaintiff's concern that jail trustees could be contaminating sinks by using rags that they had used to clean toilets was forwarded to the lieutenant in charge of the cleaning crew.  (docket # 121-5 at ID # 404, docket # 126-3 at ID # 474).

On December 2, 2009, plaintiff was insubordinate.  He yelled at jail guards and refused to allow the trustees to enter and clean his cell.  (docket # 1-2 at ID # 8).  Defendant Allred,

acting as hearing officer, found plaintiff guilty of this infraction and sentenced him to three days'

toplock. (docket # 126-3, ID # 476). Plaintiff later wrote to Sheriff Bailey and attempted to justify

his actions by stating that a cleaning solution had not been visible in the mop water and that he had

observed a trustee cleaning with a "contaminated" rag rather than using paper towels. (docket # 1-2,

ID # 8).

On December 3, 2009, plaintiff was moved out of administrative segregation and into

cell 1-L26. (docket # 126-2 at ID #s 470, 472). On December 19, 2009, he complained to Sheriff

Bailey that this cell was too cold and that his request for an "extra" blanket had been denied. (docket

# 122-1 at ID # 410). On the same date, plaintiff filed a grievance complaining that he had received

multiple minor misconducts and had been confined to his cell for three-day periods without a

hearing. (docket # 1-2 at ID # 12).

In late December 2009, plaintiff was transferred into the custody of the Michigan

Department of Corrections. He was an inmate at the Chrarles Egeler Reception and Guidance Center

(RGC) on January 1, 2010, when he filed this lawsuit.[5]

## Discussion

### 1.    Mootness

Plaintiff is a resident of St. Joseph, Michigan, and no longer is housed in the county

jail. Defendants are employed at the Berrien County jail. Plaintiff's claims for injunctive and

declaratory relief against the defendants are moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.

1996); *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010).

---

[5] Plaintiff's complaint was not actually filed until January 14, 2010, but under the "mailbox rule," it is deemed filed as of January 1, 2010.

2.      **Conditions of Confinement**

Plaintiff alleges that the conditions of his confinement during the 42 days he spent in administrative segregation violated his Eighth Amendment rights.  During this period, plaintiff was held in custody on the basis of criminal convictions, thus his rights regarding conditions of his confinement were protected under the Eighth Amendment's Cruel and Unusual Punishments Clause.[6]  *See Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010).  Eighth Amendment claims based on conditions of confinement must meet both an objective and subjective standard. *See Wilson v. Seiter*, 501 U.S. 294 (1991).  Objectively, the condition of confinement complained of must amount to an "extreme deprivation." *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).  Subjectively, plaintiff must provide evidence showing that defendants acted with "deliberate indifference" to a substantial risk. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Plaintiff falls far short of establishing a genuine issue of fact for trial on either component of an Eighth Amendment claim against defendants.

"Extreme deprivations" are required to satisfy the objective component in a conditions-of-confinement case. *Hudson v. McMillian*, 503 U.S. at 8-9.  The Eighth Amendment requires that prisoners be provided with the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The function of a federal court in a conditions-of-confinement case is not to determine how best to operate a jail, nor to decide what is most desirable for the inmates. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985).  The Constitution does not mandate comfortable jails. *Farmer v. Brennan*, 511 U.S. at 832.  Moreover, "[n]ot every unpleasant

---

[6] If plaintiff had been held been a detainee during this period, he would have enjoyed similar protection under the Fourteenth Amendment's Due Process Clause. *See  Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009).

-7-

experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The objective component requires the court "to assess whether society considers the risk complained of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). In assessing whether an alleged Eighth Amendment violation satisfies the objective component, courts look to the evidence presented regarding the duration of exposure and totality of conditions contributing to the alleged deprivation. *See Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006). Plaintiff has not provided evidence establishing that he was subjected to any extremely cold temperatures, extraordinary moisture levels, or unsanitary conditions, nor that he was exposed to such conditions for prolonged periods without alternative means to keep warm, dry, and clean. There is no evidence that plaintiff suffered any injury as a result of the days he spent in administrative segregation. While plaintiff may have found his jail accommodations less than ideal, he has not presented any evidence that his confinement in administrative segregation was so cold, wet, or filthy that it would violate contemporary standards of decency to expose anyone unwillingly to such a risk. The mere fact that jail trustees may have used improper or unsanitary cleaning methods is without constitutional significance, in the absence of any injury or other effect on plaintiff's health or well-being. Plaintiff falls far short of creating a genuine issue of fact for trial on the objective component of an Eighth Amendment claim against defendants.

Plaintiff falls well short of satisfying the subjective component. The Supreme Court held in *Farmer v. Brennan*, that deliberate indifference is tantamount to a finding of criminal

recklessness.  A jail official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. When plaintiff complained about the cell temperature in October 2009, he was immediately moved to another cell.  He next complained to Sheriff Bailey on November 25, 2009, and within eight days, plaintiff was transferred to a non-administrative segregation cell.  Shortly thereafter, plaintiff was transferred into the MDOC's custody.  No reasonable trier of fact could find on this record that defendants acted with "deliberate indifference" to any substantial risk of harm.  *See Farmer v. Brennan*, 511 U.S. at 834.

### 3.    Procedural Due Process

Plaintiff alleges that he did not receive hearings on minor misconduct charges and that as a result of his convictions, he was confined to his cell for three-day periods.  Absent a "protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir.2007).  An inmate does not have a protected liberty interest in disciplinary proceedings unless the resulting restraint imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of jail life.  *See Sandin v. Conner*, 515 U.S. 472, 484-86 (1995).  Plaintiff did not lose any good-time credits as a result of his minor misconduct convictions, nor did these convictions in any other way affect the duration of plaintiff's confinement.  His three-day periods of cell confinement (toplock) were not atypical and significant hardships in relation to the ordinary incidents of jail life. *See Sandin*, 515

U.S. at 484; *Jones v. Baker*, 155 F.3d 810, 811-13 (6th Cir.1998); *Green v. Waldren*, No. 99-1561, 2000 WL 876765 (6th Cir. June 23, 2000) ("A two-day sentence of 'toplock' does not amount to an atypical or significant hardship, and Green did not allege that he lost any disciplinary or good-time credits.") (citations omitted).  His forty-two days of confinement in administrative segregation was not an atypical and significant hardship in relation to the ordinary incidents of jail life.  *See Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010)(61-day period in administrative segregation was not an atypical and significant hardship).  Defendants are entitled to judgment in their favor as a matter of law on plaintiff's due-process claims.

### Conclusion

For the reasons set forth herein, plaintiff's claims for injunctive relief will be dismissed as moot, defendants' motion for summary judgment will be granted and a final judgment will be entered in defendants' favor on all plaintiff's claims for damages.


Dated:  July 29, 2011          /s/  Joseph G. Scoville_____
                               United States Magistrate Judge